UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
**OCT 21 2002**
CLERK

CIV. 02-4230

ELLISON KALDA, M.D.,
ROBERT K. DAHL, M.D.,
MARILYN McFARLANE, P.A.,
DAVID H. HYLLAND, Ed.D.,
RICHARD G. WHITTEN, Ph.D.,
CYNTHIA L. PILKINGTON, Ph.D.,
MARY K. KUNDE, Ph.D.,
GARY L. DICKINSON, Ph.D., INDIVIDUALLY
AND FOR THEIR INDIVIDUAL PLAN
ACCOUNTS AND ON BEHALF OF
THE CENTRAL PLAINS CLINIC, LTD.
MONEY PURCHASE PENSION AND
PROFIT SHARING PLAN, AND
THE CENTRAL PLAINS CLINIC, LTD.
401(k) PLAN,

**COMPLAINT**

Plaintiffs,

vs.

SIOUX VALLEY PHYSICIAN PARTNERS, INC.,
FORMERLY CENTRAL PLAINS CLINIC, LTD.,
SIOUX VALLEY HOSPITAL,
T.A. SCHULTZ, M.D.,
RICHARD HARDIE, M.D.,
GENE BURRISH, M.D.,
DAVID DANIELSON,
MICHAEL FARRITOR, M.D.,
JOHN RITTMANN, M.D.,
JAMES ASHBAUGH, M.D., AND
STEVEN SALMELA, M.D.

Defendants.

1

COME NOW THE PLAINTIFFS by and through their attorneys, JOHNSON, EIESLAND, HUFFMAN & CLAYBORNE, and for their Jurisdictional and General Allegations complain and allege as follows:

## ALLEGATIONS OF JURISDICTION AND VENUE

1. This action is for: (1) breach of Plan under the Employer's Retirement Income Security Act of 1974 (ERISA) under 29 U.S.C. §1101 et. seq. and including specifically §1132(a)(1)(B), §1132(a)(3)(B)(i), §1132(a)(3)(B)(ii), §1132(c)(1)(B), and §1132(e)(1); (2) breaches of fiduciary duties under ERISA including under 29 U.S.C. §1104, 29 U.S.C. §1105, 29 U.S.C. §1106, and 29 U.S.C. §1109; and (3) declaratory judgment under 29 U.S.C. §2201.

2. That venue is established for these ERISA claims under 29 U.S.C. §1132(e)(2) in the United States District Court for the Southern District of South Dakota.

3. That, in addition, the Court has federal question jurisdiction under 28 U.S.C. §1331 and venue under 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

4. This action is brought on behalf of the individual Plaintiffs for their individual accounts and to enforce and fund the plan as hereinafter provided.

5. That the Plaintiffs are all former employees of Central Plains Clinic, Ltd., a medical clinic formerly located in Sioux Falls, Minnehaha County, South Dakota; further, that Central Plains Clinic, Ltd. as employer and plan sponsor established ERISA pension and profit sharing plans which at various times pertinent hereto and in the manner hereinbelow described were amended, altered, and changed so as to ultimately become the following:

    A. The Central Plains Clinic, Ltd. Money Purchase Pension Plan (MPPP); further, that a true and correct copy of the most pertinent versions of which Plan Summary are attached hereto and incorporated herein by reference as Exhibit A; and

    B. The Central Plains Clininc, Ltd. 401(k) Plan (401(k)), a true and correct copy of the most pertinent versions of which Plan Summary are attached hereto and incorporated herein by reference as Exhibit B.

The Plans when referred to jointly are hereinafter denominated "The Plans."

6. That all Plaintiffs herein were in the years 1999 and 2000 and varying parts of the year 2001 participants in the MPPP and its predecessor plans and all Plaintiffs (except Plaintiff Marilyn McFarlane) were then also participants in the 401(k) Plan.

7. That all ERISA administrative procedures which are required by either or both of the above-mentioned Plans have been complied with and exhausted and this case is ripe for presentation to the Federal District Court; further, that attached hereto and incorporated herein by reference as Exhibits C and D respectively are the final dispositions of the administrative proceedings which were resolved against Plaintiffs by the Plans and from which this action is taken.

8. That under said the terms of said Plans, Central Plains Clinic, Ltd. was the Plan Administrator and fiduciary; further, that in addition the said corporate entity allowed certain individuals to serve as its representatives and actors in the fulfillment of fiduciary functions; further, that the following named individuals are believed to have served in a fiduciary capacity in the following time frames:

    A. 1999:

        David Danielson        Executive Director
        T.A. Schultz, M.D.      President and Director

| | |
|---|---|
| Gene Burrish, M.D. | Vice-President and Director |
| John Rittmann, M.D. | Secretary and Director |
| Richard Hardie, M.D. | Director |
| Michael Farritor, M.D. | Director |
| James Ashbaugh, M.D. | Director |
| Steve Salmela, M.D. | Director |

B. 2000:

| | |
|---|---|
| T.A. Schultz, M.D. | President and Director |
| Richard Hardie, M.D. | Vice-President and Director |
| Gene Burrish, M.D. | Secretary and Director |

C. 2001:

| | |
|---|---|
| David Danielson | Executive Director |
| Michael Farritor, M.D. | President and Director |
| Gene Burrish, M.D. | Secretary and Director |
| Richard Hardie, M.D. | Vice-President and Director |

9. That Central Plains Clinic, Ltd., as an employment entity, was merged into Sioux Valley Physician Partners, Inc., which is now the Sponsor under both Plans.

10. That prior to 1999 Central Plains Clinic, Ltd. found itself in severe financial straits with an unmanageable amount of indebtedness; further, that as part of the financial remedy which was attempted by Central Plains Clinic, Ltd, the corporation decided to improve its financial picture in various ways including exploring various avenues of refinancing and/or sale of the Clinic or Clinic assets.

11. That the corporation, in order to improve its financial picture, determined that it would be prudent to temporarily cease the outflow of cash from the corporation as employer into the funding of the Plans; further, that accordingly, effective on or about January 1, 1999, the corporation through various amendments to the Plans modified the Plans to provide for zero funding; further, that said zero funding arrangement was intended by Central Plains Clinic, Ltd., by all individual fiduciaries, and by all Plan participants to serve as no more than a suspension of

4

the contributions so that the assets which would have been contributed to the Plans would strengthen the balance sheet and the profit loss statement of Central Plains Clinic, Ltd, to better promote the ultimate refinancing and/or sale of Central Plains Clinic, Ltd.

12. That as an integral and material part of the said procedure and knowing that the Plan participants who were also employees of Central Plains Clinic, Ltd. would be unlikely to continue to cooperate with Central Plains Clinic, Ltd. without adequate funding of the Plans being assured, Central Plains Clinic, Ltd., as Plan administrator fiduciary through its authorized officers and directors, agreed, assured, promised, represented, and warranted (hereinafter "agreed") that if and when the refinancing of Central Plains Clinic, Ltd., its sale or other financial turn-around took place, that the funding which had been suspended would then be contributed.

13. That Central Plains Clinic, Ltd. (in its capacity as Plan fiduciary) and the individual Plan fiduciaries at all times pertinent hereto treated the suspended contributions as loans and indebtedness of Central Plains Clinic, Ltd. to its participants and the Plans and carried the indebtedness on the accounting books and records of Central Plains Clinic, Ltd. and the fiduciaries made this known to the participants who relied on these actions.

14. That the Plaintiffs and other Plan participants similarly situated to Plaintiffs, in reliance upon said agreement remained as employees of Central Plains Clinic, Ltd. and as Plan participants received zero funding and accrued the aforementioned indebtedness owed to them by Central Plains Clinic, Ltd. while awaiting the refinancing, the sale, or other financial bail-out of Central Plains Clinic, Ltd. through the actions of its officers and directors (who were also at all times pertinent acting as Plan fiduciaries and agents of the corporate Plan fiduciary).

15. That beginning approximately in the year 1999 and extending through July 1, 2001, Defendant Sioux Valley Hospital (SVH) and Defendant Sioux Valley Physician Partners, Inc. entered into active negotiations with Central Plains Clinic, Ltd. and some or all of the individuals who are named above as individual Defendant fiduciaries.

16. That the negotiations culminated in the acquisition by Sioux Valley Hospital and/or Sioux Valley Physician Partners, Inc. in some manner (the exact details are not completely known at this time) of Central Plains Clinic, Ltd. which thereafter was merged into Sioux Valley Physician Partners, Inc.

17. That the terms of this merger failed to provide funding for the Plans and said Plans remain unfunded with the Plan fiduciaries having no intention of funding the Plans and having denied Plaintiffs' claims for such funding; further, that instead of funding the Plans, Sioux Valley Hospital paid the amount of the suspended contributions directly (and outside of the Plans) to only such Central Plains Clinic, Ltd. employees as joined the Sioux Valley Hospital staff as employees.

18. That it is believed that numerous individual Plan participants in addition to Plaintiffs have been wrongfully deprived of the contributions which should have been repaid to the Plans as a result of the aforesaid.

19. That as to Plaintiffs Hylland, Whitten, Pilkington, Kunde, and Dickinson, such Plaintiffs were fired just prior to the acquisition of Central Plains Clinic, Ltd. by Sioux Valley Hospital and Sioux Valley Physician Partners, Inc. and said Plaintiffs allege that their termination was in pertinent part to deprive them of their ERISA benefits.

20. That Avera McKennan Hospital at all times pertinent desired to negotiate and present a bid to Central Plains Clinic, Ltd. but was effectually foreclosed from entering the bidding

process by the Central Plains Clinic, Ltd. officers and directors who declined to allow an effective negotiation and/or bid from Avera McKennan Hospital; further, that Avera McKennan Hospital would have funded the Plan arrearages as part of its bidding process and would have, in addition, given a bid which would have been substantially in excess of the bid of Sioux Valley Hospital and Sioux Valley Physician Partners, Inc.

21. That Plaintiffs are informed and believe that prior to the consummation of any sale and during active negotiations between Sioux Valley Hospital and Central Plains Clinic, Ltd.'s hierarchy, including some or all of the individual Defendants named above, Sioux Valley Hospital may have offered financial promises, assurance, or incentives to some or all of the Directors and officers of Central Plains Clinic, Ltd. in order to procure the finalization of the acquisition of Central Plains Clinic, Ltd. by Sioux Valley Hospital.

22. That if such financial incentives occurred or were made known by Defendants Sioux Valley Hospital and Sioux Valley Physician Partners, Inc. to the Central Plains Clinic, Ltd. executives such was not disclosed to the Plan participants who then found themselves wrongfully deprived of the Plan contributions they were rightfully entitled to receive and would likely have received had the Avera negotiations not been foreclosed due to the breach of fiduciary duty described above.

23. That if said incentives were proffered as aforementioned they constituted material facts which under the fiduciary duties to which such fiduciaries were bound were required to be timely disclosed to all Plan participants.

24. That if such incentives were proffered they would constitute a conflict of interest and improper self-dealing in violation of ERISA and would constitute conduct tantamount to fraud

due to the acting of fiduciaries with the unlawful motivation to follow a course of action which misled the Plan participants and violated fiduciary duties under ERISA.

25. That Plaintiff participants have requested a Plan hearing, an accounting and disclosure, disgorgement of any unlawful profits or incentives, and the restitution to the Plan (and each individual Plaintiff's Plan account) of all contributions caused to be lost to Plaintiffs and the Plans by any breach of the Plan or breach of fiduciary duties or self-dealing which is found to have occurred; further, that all of such equitable remedies, relief, and restitution have been denied by the fiduciaries.

### FIRST CAUSE OF ACTION
### BREACH OF ERISA PLAN

COME NOW THE PLAINTIFFS by and through their attorneys, JOHNSON, EIESLAND, HUFFMAN & CLAYBORNE, and for their cause of action against the Defendant Sioux Valley Physician Partners, Inc., f/k/a Central Plains Clinic, Ltd., complain and allege as follows:

1. That Plaintiffs hereby reallege every allegation, matter, and thing hereinabove contained and set forth as if the same were contained and set forth herein.

2. That the conduct aforedescribed constitutes a breach of ERISA and the Plans by conduct tantamount to fraud entitling the Plaintiffs and the Plans to the full funding of all suspended contributions as alleged herein.

### SECOND CAUSE OF ACTION
### BREACH OF ERISA FIDUCIARY DUTIES

COME NOW THE PLAINTIFFS by and through their attorneys, JOHNSON, EIESLAND, HUFFMAN & CLAYBORNE, and for their cause of action against all Defendants above-named complain and allege as follows:

1. That Plaintiffs hereby reallege every allegation, matter, and thing hereinabove contained and set forth as if the same were contained and set forth herein.

2. That the aforedescribed conduct of the Defendants (including (a) any conflicts of interest and self-dealing of fiduciaries, (b) any failure by fiduciaries to forthrightly and fully disclose information material to the administration of the Plans such as conflicts of interest or undisclosed incentives, and (c) any and all actions taken by Defendants as fiduciaries and those who cooperated with fiduciaries to bring about the failure to fund the Plans and to act solely in the best interests of the participants and the Plans, all constitutes a breach of ERISA FIDUCIARY DUTIES tantamount to fraud for which Defendants are jointly and severally liable for all damages caused thereby including amounts necessary to properly fund the Plans and amounts required to disgorge undisclosed incentives and benefits improperly received by Defendant fiduciaries.

### THIRD CAUSE OF ACTION
### EQUITABLE ACCOUNTING; DECLARATORY JUDGMENT AND RESTITUTION TO THE PLAN AND PLAINTIFF PLAN PARTICIPANTS

COME NOW THE PLAINTIFFS by and through their attorneys, JOHNSON, EIESLAND, HUFFMAN & CLAYBORNE, and for their cause of action against all Defendants above-named complain and allege as follows:

1. That Plaintiffs hereby reallege every allegation, matter, and thing hereinabove contained and set forth as if the same were contained and set forth herein.

2. That by virtue of the fiduciary status of the Defendants and of their joint and concerted actions as hereinabove alleged the Plaintiffs are entitled to have a full, fair, and complete accounting and disclosure by all Defendants of the following:

9

A. That Defendants disclose the full amount of the suspended contributions necessary to fund the Plans and, specifically, to fund the accounts of each Plan for each individual Plaintiff.

B. That Defendant disclose any and all communications or negotiations which took place between Sioux Valley Hospital, Sioux Valley Clinic, Sioux Valley Physician Partners, Inc., or any of their agents or representatives and Central Plains Clinic, Ltd. and any of its executive officers, agents, or directors, including the individual Defendants named above, which disclosure should include a complete candid description of any and all incentives as hereinabove described which could constitute possible self-dealing or conflicts of interest or other breaches of fiduciary duty under ERISA.

C. That in the event the said accounting and disclosures reveal breaches of fiduciary duty the Plaintiffs are entitled to have and recover all proper ERISA remedies including disgorgement of all profits or other incentives acquired by such breaches of fiduciary duty and the restoration to the accounts of the individual Plaintiff plan participants and to the Plans as a whole of any and all suspended contributions and other benefits of which the Plaintiffs have been deprived by virtue of such breaches of fiduciary duty.

WHEREFORE, Plaintiffs respectfully request and move the Court for judgment in their favor and jointly and severally against the Defendants as follows:

1. Costs, disbursements, statutory penalties, prejudgment interest, and reasonable attorneys fees all as provided by law.

2. A declaratory judgment defining and declaring the rights of the parties hereto in and to the Plan contributions which are alleged herein to be owed to the Plan and the Plaintiffs.

3. An equitable accounting and disclosure of any and all financial or other incentives, profits, job positions, job titles, contracts, directorships, department head positions, or other supervisory or management positions which may have been discussed, offered, or ultimately received by the individual named fiduciaries named above (hereinafter "incentives") and the disgorgement of any such incentives as may be found to have been wrongfully acquired.

4. Specific performance of the indebtedness to the Plans of the above-described suspended contributions.

5. An injunction permanently restraining and enjoining any and all of the above-named Defendants from continuing to possess or enjoy any benefit or incentive received through the wrongful breach of a fiduciary duty under ERISA together with the disgorgement of any such benefit or incentive as is capable of being disgorged.

6. Such other and further relief as the Court shall deem just and equitable.

Dated this 21st day of October, 2002.

JOHNSON EIESLAND LAW FIRM

By: _____ for
Gregory A. Eiesland
P.O. Box 6900
Rapid City, SD  57709
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

The Plaintiffs hereby demand trial by jury on issues of fact properly triable to a jury.

By: _____ for
Gregory A. Eiesland