# EXHIBIT C



1100 South Euclid Avenue
PO Box 5039
Sioux Falls, South Dakota 57117-5039
(605) 333-1000
www.siouxvalley.org

May 9, 2002

N. Dean Nasser, Jr.
Nasser Law Offices, P.C.
204 South Main Avenue
Sioux Falls, SD 57104-6310

    RE:    Claims Against Central Plains Clinic, Ltd. Money Purchase Pension Plan

Dear Dean:

    This letter is written notice of the decision of the Plan Administrator under Section 16.3 of the Plan. Central Plains Clinic, Ltd. was merged into Sioux Valley Physician Partners, Inc. Sioux Valley Physician Partners, Inc. is now the Plan Sponsor and Administrator.

    You have made a request for reconsideration by way of a letter dated March 14, 2002, and supplemented with affidavits sent on April 30, 2002, and May 7, 2002. I have reviewed all of that material in light of the Plan documents and my own knowledge and experience in this matter. After review of your submissions, the Plan Administrator has determined that it was correct in its denial of the claims submitted on behalf of Ellison Kalda, M.D., David Hylland, Ed.D, Robert K. Dahl, M.D., Cynthia Pilkington, Ph.D., Richard Whitten, Ph.D., Marilyn McFarland, P.A., Gary Dickinson, Ph.D. and Mary Kunde, Ph.D. in regard to the Central Plains, Ltd. Money Purchase Pension Plan and Trust.

    Under section 17.1 of the Plan, Central Plains Clinic, Ltd. reserved the right to amend, modify or terminate the Plan or to suspend contributions at any time subject to the limitation that no amendment could deprive a participant of an accrued benefit in violation of §411(d)(6) of the Internal Revenue Code or §204(g)(1) of ERISA. Section III C of the Adoption Agreement provided that Participants were eligible to share in an Employer contribution if they completed one thousand (1,000) hours of service and were employed on the last day of the plan year (December 31).

    Central Plains Clinic, Ltd. adopted an amendment to its Money Purchase Pension Plan on December 11, 1998, with an effective date of December 29, 1998, whereby it reduced employer contributions for the 1998 plan year and years beyond to zero (0%) percent. Central Plains Clinic, Ltd. provided applicable individuals with notice of such action in accordance with the provisions of 29 USCA § 1054(h) (§204(h) of ERISA).

Because Central Plains Clinic, Ltd. amended the Plan effective December 29, 1998, (prior to the last day of the plan year), no participant accrued a benefit in 1998. Central Plains Clinic, Ltd. never rescinded the 1998 Plan amendment and as a result, no participant accrued any additional benefits under the Plan for years subsequent to 1998. Hence, your clients' claims for benefits under the Plan are denied.

In your request for reconsideration, you recognize that the Plan acted properly with regard to this amendment. Your March 14, 2002, letter states: "We do not deny that the Plan was properly amended in form."

Your clients instead allege that certain oral representations were made by Central Plains Clinic, Ltd. regarding future contributions to the Plan. Under 29 USCA §1102(a)(1), every employee benefit plan must be established and maintained pursuant to a written instrument. Absent a showing tantamount to a proof of fraud, an ERISA plan is not subject to amendment as a result of informal communications between an employer and plan beneficiaries. McConnell v. Costigan, 2002 WL 313528 (2002). The Plan Administrator has determined that the oral statements alleged by your clients were insufficient to alter the clear language of the Plan. The Plan Administrator has determined that there were no representations sufficient to cause the Plan to be amended.

The Plan Administrator also has determined that the allegations made by your clients regarding breaches of fiduciary duty do not alter the Plan or entitle your clients to benefits. When the Plan was amended in December of 1998, Central Plains Clinic, Ltd. was under extreme financial stress and faced restrictions from its primary lender. That financial stress continued through and after the time your clients left the employment of Central Plains Clinic. Merely because there was a hope that the Plan could be funded and merely because employees who (unlike your clients) stayed with the new employer for a sufficient time may receive a bonus does not change the Plan language or entitle your clients to benefits.

Sincerely,

DAVID DANIELSON
Executive Vice President

REC'D MAY 1 4 2002

# EXHIBIT D



1100 South Euclid Avenue
PO Box 5039
Sioux Falls, South Dakota 57117-5039
(605) 333-1000
www.siouxvalley.org

May 8, 2002

N. Dean Nasser, Jr.
Nasser Law Offices, P.C.
204 South Main Avenue
Sioux Falls, SD 57104-6310

    RE:    Claims Against Central Plains Clinic, Ltd. 401(k) Plan

Dear Dean:

    This letter is written notice of the decision of the Plan Administrator under section 11.4.2 of the Plan. Central Plains Clinic, Ltd. was merged into Sioux Valley Physician Partners, Inc. Sioux Valley Physician Partners, Inc. is now the Plan sponsor and Administrator of the Plan.

    You have made a request for reconsideration by way of a letter dated March 14, 2002, and supplemented with affidavits sent on April 30, 2002, and May 7, 2002. I have reviewed all of that material in light of the Plan documents and my own knowledge and experience in this matter. After review of your submissions, the Plan Administrator has determined that it was correct in its denial of the claims submitted on behalf of Ellison Kalda, M.D., David Hylland, Ed.D, Robert K. Dahl, M.D., Cynthia Pilkington, Ph.D., Richard Whitten, Ph.D., Gary Dickinson, Ph.D. and Mary Kunde, Ph.D. in regard to the Central Plains Clinic, Ltd.

    Under the terms of the 401(k) Plan, employer contributions were entirely discretionary. Hence, Central Plains Clinic, Ltd. was under no obligation to make any contributions under the Plan for the benefit of your clients. You recognize this in your March 14, 2002, letter by stating: "We do not deny that the Plan was properly amended in form." Hence, your clients' claims for benefits under the Plan are denied.

Because Central Plains Clinic, Ltd. amended the Plan effective December 29, 1998, (prior to the last day of the plan year), no participant accrued a benefit in 1998. Central Plains Clinic, Ltd. never rescinded the 1998 Plan amendment and as a result, no participant accrued any additional benefits under the Plan for years subsequent to 1998. Hence, your clients' claims for benefits under the Plan are denied.

In your request for reconsideration, you recognize that the Plan acted properly with regard to this amendment. Your March 14, 2002, letter states: "We do not deny that the Plan was properly amended in form."

Your clients instead allege that certain oral representations were made by Central Plains Clinic, Ltd. regarding future contributions to the Plan. Under 29 USCA §1102(a)(1), every employee benefit plan must be established and maintained pursuant to a written instrument. Absent a showing tantamount to a proof of fraud, an ERISA plan is not subject to amendment as a result of informal communications between an employer and plan beneficiaries. McConnell v. Costigan, 2002 WL 313528 (2002). The Plan Administrator has determined that the oral statements alleged by your clients were insufficient to alter the clear language of the Plan. The Plan Administrator has determined that there were no representations sufficient to cause the Plan to be amended.

The Plan Administrator also has determined that the allegations made by your clients regarding breaches of fiduciary duty do not alter the Plan or entitle your clients to benefits. When the Plan was amended in December of 1998, Central Plains Clinic, Ltd. was under extreme financial stress and faced restrictions from its primary lender. That financial stress continued through and after the time your clients left the employment of Central Plains Clinic. Merely because there was a hope that the Plan could be funded and merely because employees who (unlike your clients) stayed with the new employer for a sufficient time may receive a bonus does not change the Plan language or entitle your clients to benefits.

Sincerely,

DAVID DANIELSON
Executive Vice President

REC'D MAY 1 4 2002