UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
DEC 15 2005

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ELLISON KALDA, M.D.; ROBERT DAHL, M.D.; MARILYN MCFARLANE, P.A.; DAVID H. HYLLAND, Ed.D.; RICHARD G. WHITTEN, Ph.D.; CYNTHIA L. PILKINGTON, Ph.D.; and MARY K. KUNDE, Ph.D.; individually and for their individual plan accounts and on behalf of The Central Plains Clinic, Ltd. Money Purchase Pension and Profit Sharing Plan, and the Central Plains Clinic, Ltd. 401(k) Plan, | * | CIV 02-4230 |
| Plaintiffs, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER |
| SIOUX VALLEY PHYSICIAN PARTNERS, INC., formerly Central Plains Clinic, Ltd.; SIOUX VALLEY HOSPITAL; T.A. SCHULTZ, M.D.; RICHARD HARDIE, M.D.; GENE BURRISH, M.D.; DAVID DANIELSON; MICHAEL FARRITOR, M.D.; JOHN RITTMANN, M.D.; and STEVEN SALMELA, M.D., | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiffs filed a Motion for Reconsideration and to Vacate the Court's Decision Granting Summary Judgment in Favor of Defendants, Doc. 68. The motion has been fully briefed by the parties and for the reasons set forth below will be denied.

## BACKGROUND

The parties in this ERISA[1] action filed cross motions for summary judgment. All relevant facts and the procedural history of this case are explained in the Court's Memorandum Opinion and Order, Doc. 66, granting summary judgment in favor of Defendants. While the Court did not address in its written opinion every factual and legal argument advanced by Plaintiffs, the Court determined after reviewing the entire record and listening to oral arguments, that the dispositive issues in this case were: (1) whether the benefits that were recorded on Central Plains Clinic's records as a debt to the Plans constituted "plan assets" under ERISA; (2) even if the accrued unpaid contributions were not "plan assets, whether Defendants were nevertheless acting in a fiduciary capacity when the debt was erased from CPC's financial records; (3) whether the representations regarding the likely future of Plaintiffs' benefits were truthful when made; and (4) whether Defendants made any representations to Plaintiffs regarding plan benefits after the Defendants reached a merger agreement with Sioux Valley. On these issues, the Court concluded the debt on CPC's records was not a "plan asset" as defined by ERISA; the Defendants were acting in their capacity as employer, rather than as a fiduciary; and there was no evidence that Defendants' representations regarding the likely future of Plaintiffs' benefits were untruthful when made or that Defendants made any representations to Plaintiffs regarding the likely future of Plaintiffs' benefits after the merger agreement was reached with Sioux Valley when it was clear the benefits would not be paid.

## DISCUSSION

Plaintiffs have chosen not to identify which rule of procedure under which they desire the Court to reconsider its previous ruling granting summary judgment to Defendants. The Eighth Circuit explained that, "[t]he Federal Rules of Civil Procedure do not mention motions for reconsideration[,]" and explain that courts are "frequently put in the difficult position of deciding whether a 'motion for reconsideration' is in fact a Rule 59(e) 'Motion to Alter or Amend a Judgment,' or a Rule 60(b) 'Motion for Relief from Judgment or Order.'" *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999).

---

[1]Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*

2

In their motion, Plaintiffs attempt to raise new arguments and theories that they did not present in the summary judgment motion proceedings. The Eighth Circuit explained that it had "repeatedly held that Rule 59(e) motions are not proper vehicles for raising new arguments." *Capitol Indem. Corp. v. Russellville Steel Co.*, 367 F.3d 831, 834 (8th Cir.2004). In *Concordia College Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir. 1993) (citation omitted), the Eighth Circuit held that, "'a motion to alter or amend judgment cannot be used to raise arguments which could have been raised prior to the issuance of judgment.'" Thus, the new arguments Plaintiffs seek to raise in this reconsideration motion cannot be heard pursuant to Rule 59(e). The Eighth Circuit further explained that, "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quotation marks and citations omitted). Plaintiffs disagree with the Court's method of evaluating this ERISA claim and the Court's conclusions regarding the determinative issues and reargue points that were previously made, but the Court does not find a manifest error of law or fact and it reaffirms the Memorandum Opinion and Order granting summary judgment to Defendants. Moreover, Plaintiffs present some evidence they did not present in the summary judgment proceedings, but they could have presented this evidence earlier as it is not newly *discovered* evidence. Accordingly, Plaintiffs' motion will not be granted pursuant to Rule 59(e).

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (quotation marks and citations omitted). "Rule 60(b) is a motion grounded in equity and exists to prevent the judgment from becoming a vehicle of injustice." *Id.* "'The rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done.'" *Id.* (quoting 11 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2851 at 227 (2d ed. 1995)). The only two subsections of Rule 60(b) that appear to be included in Plaintiffs' arguments are (b)(1), alleging mistake, and (b)(6), "any other reason justifying relief from the operation of the judgment." Again, although Plaintiffs disagree with the Court's analysis of the dispositive issues in this case, the Court does not find a mistake of law or fact in its

3

Memorandum Opinion and Order granting summary judgment to Defendants. Thus, Rule 60(b)(1) does not entitle Plaintiffs to relief from the Judgment in favor of Defendants. As to subsection (b)(6), "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley*, 413 F.3d at 871 (citing *Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 373 (8th Cir. 1994)). Plaintiffs had a full and fair opportunity to litigate their claims in this case and they have not yet sought review of this Court's decision by the Eighth Circuit Court of Appeals. The Court does not find there are any exceptional circumstances that would afford Plaintiffs relief under Rule 60(b). Accordingly,

IT IS ORDERED that Plaintiffs' Motion for Reconsideration and to Vacate the Court's Decision Granting Summary Judgment in Favor of Defendants, Doc. 68, is denied.

Dated this 15 day of December, 2005.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Shelly Margulies
DEPUTY